UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY E. CARILLO,<br><br>    Plaintiff,<br><br>    v.<br><br>DONALD TRUMP, JD VANCE, and ELON MUSK,<br><br>    Defendants. | No. 2:25-cv-0458 TLN AC PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I. Screening**

A. Standards

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will

1

1 (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly
2 baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and
3 (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton
4 Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S.
5 1037 (2011).

6       The court applies the same rules of construction in determining whether the complaint
7 states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court
8 must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must
9 construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a
10 less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520
11 (1972). However, the court need not accept as true conclusory allegations, unreasonable
12 inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618,
13 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice
14 to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,
15 556 U.S. 662, 678 (2009).

16       To state a claim on which relief may be granted, the plaintiff must allege enough facts "to
17 state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has
18 facial plausibility when the plaintiff pleads factual content that allows the court to draw the
19 reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at
20 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity
21 to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v.
22 Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in
23 Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000)) (en banc).

24       B.  The Complaint

25       Plaintiff sues Donald Trump, JD Vance, and Elon Musk for having "engaged in
26 insurrection, and protected the insurrectionists." ECF No. 1 at 5. She further alleges, "Elon musk
27 acting as a private unelected official has gained access to our federal treasury and social security."
28 Id. Plaintiff contends that defendants "have attacked my rights to life, liberty and property." Id.

C. <u>Analysis</u>

1. <u>Legal Standard</u>

"Federal courts are courts of limited jurisdiction." <u>Corral v. Select Portfolio Servicing, Inc.</u>, 878 F.3d 770, 773 (9th Cir. 2017) (quoting <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994)). "Subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." <u>Rainero v. Archon Corp.</u>, 844 F.3d 832, 841 (9th Cir. 2016). The court must dismiss any case over which it lacks subject-matter jurisdiction, and a court must examine whether subject-matter jurisdiction exists, whether or not a motion to dismiss for lack of subject-matter jurisdiction has been brought. Fed. R. Civ. P. 12(h)(3); <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 514 (2006) (noting that courts "have an independent obligation to determine whether subject-matter jurisdiction exists ).

Courts must "continue to construe pro se filings liberally." <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" <u>Id.</u> (quoting <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (<u>per curiam</u>)). A pro se litigant will be given leave to amend their complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130–31 (9th Cir. 2000).

Here, there are two jurisdictional concerns that the court will address: (1) standing, and (2) the political question doctrine. <u>Chandler v. State Farm Mut. Auto. Ins. Co.</u>, 598 F.3d 1115, 1121–22 (9th Cir. 2010) (addressing standing); <u>Corrie v. Caterpillar, Inc.</u>, 503 F.3d 974, 982 (9th Cir. 2007) (addressing the political question doctrine).

2. <u>Plaintiff Lacks Standing</u>

To bring a lawsuit, a plaintiff must have "standing," meaning they must have a personal injury that gives them a right to bring the lawsuit. This is required by Article III of the U.S. Constitution. To establish Article III standing, a plaintiff must show: (1) "an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) "a causal connection between the injury and the conduct complained of—the injury has to be fairly ... traceable to the challenged action of the

3

1 defendant, and not ... the result of the independent action of some third party not before the
2 court"; and (3) "it must be likely, as opposed to merely speculative, that the injury will be
3 redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)
4 (omissions in original) (internal quotation marks and citations omitted).

5     Here, the complaint does not contain any specific information about plaintiff or show that
6 plaintiff has suffered a personal injury because of the acts of defendants.  It is not enough to say
7 that her life, liberty, and/or property have been impacted.  Even if the court assumes that plaintiff
8 has a generalized interest in constitutional governance and ensuring that the President is fit for
9 office, that interest is insufficient to demonstrate standing.  See Schlesinger v. Reservists Comm.
10 to Stop the War, 418 U.S. 208, 217 (1974) (A litigant's interest cannot be based on the
11 "generalized interest of all citizens in constitutional governance."); United States v. Richardson,
12 418 U.S. 166, 173–78 (1974) (explaining that a taxpayer's generalized grievance is insufficient
13 for standing); Drake v. Obama, 664 F.3d 774, 779–84 (9th Cir. 2011) (rejecting claims that
14 multiple categories of plaintiffs had standing to challenge the President's eligibility for office).
15 Accordingly, the complaint should be dismissed because it does not allege facts sufficient to
16 demonstrate standing.

17           3.  The Political Question Doctrine Bars This Lawsuit

18     The political question doctrine is "essentially a function of the separation of powers,"
19 Baker v. Carr, 369 U.S. 186, 217 (1962), and it "excludes from judicial review those
20 controversies which revolve around policy choices and value determinations constitutionally
21 committed for resolution to the halls of Congress or the confines of the Executive Branch," Japan
22 Whaling Ass'n v. Am. Cetacean Soc'y, 478 U.S. 221, 230 (1986).  The rule that some
23 governmental actions are beyond the reach of the courts reflects the Constitution's limitation of
24 the "judicial power of the United States" to "cases" or "controversies."  U.S. Const. art. III, § 2.
25 "[N]o justiciable controversy is presented when parties seek adjudication of only a political
26 question." Flast v. Cohen, 392 U.S. 83, 95 (1968).
27     Article II, Section 4 of the United States Constitution provides that "[t]he President, Vice
28 President and all civil Officers of the United States, shall be removed from Office on

1  Impeachment for, and Conviction of, Treason, Bribery, or other high Crimes and Misdemeanors."
2  U.S. Const. art. II, § 4.  The United States Supreme Court has held that the Constitution
3  deliberately gave the power of impeachment to Congress, not the Judiciary.  Nixon v. United
4  States, 506 U.S. 224, 229, 233–35 (1993).

5  Plaintiff's requested relief is that "Donald Trump and JD Vance be declared illegitimate
6  holders of their office and removed therefrom."  ECF No. 1 at 9.  The question of whether the
7  President and Vice President are fit for office and subject to removal is a political question
8  categorically excluded from judicial review.  Because resolution of this question rests exclusively
9  with Congress, this Court lacks jurisdiction to consider the issue.  Accordingly, the complaint
10 should be dismissed because the claims are barred by the political question doctrine.

## II. Leave to Amend is Not Appropriate

12 Leave to amend should be granted if it appears possible that the defects in the complaint
13 could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31
14 (9th Cir. 2000) (en banc).  However, if it is clear that a complaint cannot be cured by amendment,
15 the court may dismiss without leave to amend.  Cato v. United States, 70 F.3d 1103, 1105-06
16 (9thCir. 1995).  Here, the problems with the complaint cannot be cured by amendment because
17 the court lacks jurisdiction to hear this case.  Accordingly, dismissal should be without leave to
18 amend.

## III. Pro Se Plaintiff's Summary

20 The Magistrate Judge is recommending that your case be dismissed because the court does
21 not have jurisdiction to hear the case.  You have 21 days to object to this recommendation if you
22 wish to do so.  The District Judge will make the final decision.

## IV. Conclusion

24 For the reasons explained above, it is HEREBY ORDERED that plaintiff's request to
25 proceed in forma pauperis (ECF No. 2) is GRANTED.
26 It is FURTHER RECOMMENDED that the complaint (ECF No. 1) be DISMISSED and
27 that this case be closed.
28 ///

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: April 1, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE